HOLLINGSWORTH ET AL. V. SHARP.

1. **Practice in Supreme Court:** EVIDENCE CONFLICTING: JUDGMENT AFFIRMED. There being some evidence to support the verdict of the jury, the judgment cannot be reversed in this court for the want of evidence to support it.

*Appeal from Polk Circuit Court.*

FRIDAY, JUNE 5.

ACTION upon two promissory notes given for a binding harvester. At the time the harvester was sold to the defendant it was a wire binder. He avers, however, that it was a part of the contract that the plaintiffs would furnish a twine attachment, and that they warranted that the machine would do good work as a twine binder; that, while the plaintiffs did afterwards furnish such attachment, the machine would not do good work as a twine binder, and that he accordingly rescinded the contract, as he had a right to do. He pleaded a part payment for the machine, and a failure of the consideration of the notes, and asked judgment for damages. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiffs appeal.

*W. F. Conrad*, for appellants.

*W. W. Phillips*, for appellee.

ADAMS, J.—The court instructed the jury as follows: "The first question for you to decide is whether or not the

machine was such as would do good work as a twine binder at the time of sale, when a twine attachment would be placed thereon. If it would, then there is no breach of the warranty; if not, then there is." The court also instructed the jury that the burden was upon the defendant to prove the breach. The plaintiffs insist that there was no evidence that the machine would not have done good work as a twine binder if a twine attachment had been placed upon it at the time of sale.

The fact appears to be that the defendant, at the plaintiffs' request, used the machine for a considerable time as a wire binder. It is insisted that evidence tending to show that the machine would not work when the twine attachment was placed on it did not tend to show that if such attachment had been placed on it at the time of sale it would not have worked. But we think that, if the machine would not work at the time it was tested with the twine attachment, such fact might be considered as tending to show that it would not have worked with such attachment earlier. The plaintiffs contend that the twine attachment was placed on the machine by unskilled men, and that there was no evidence that the machine would not have worked if it had been properly managed. But, as we understand the evidence, the men who failed to make the machine work were sent out by the plaintiffs, and we think that the fact of their failure to make the machine work tended to support the defendant's allegations. It may be that, according to the preponderance of the evidence, the machine did good work when properly managed, but it is not our province to weigh the evidence. We think that there was some evidence supporting the defendant's allegations, and that the verdict cannot be disturbed. We see no error.

                                                        AFFIRMED.